Filed 12/20/13  In re Alejandro M. CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ALEJANDRO M. et al., Persons Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. VERONICA M., Defendant and Appellant. | F067575 (Super. Ct. Nos. JP000613A, JP000613B, JP000613C & JP000613D) **O P I N I O N** |

### THE COURT[*]

APPEAL from orders of the Superior Court of Merced County.  John D. Kirihara, Judge.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant.

James N. Fincher, County Counsel, and Shari L. Damon, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J., and Poochigian, J.

Veronica M. appeals from the orders terminating her parental rights to her four children, Alejandro, Evelyn, Nevaeh and Ramiro pursuant to Welfare and Institutions Code section 366.26.[1]  Veronica contends the Merced County Human Services Agency (agency) failed to make a proper inquiry of her children's Indian ancestry pursuant to the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.).  We affirm.

## PROCEDURAL AND FACTUAL SUMMARY

In June 2012, the agency took then five-year-old Alejandro, three-year-old Evelyn, two-year-old Nevaeh and 18-month-old Ramiro into protective custody after Veronica and her boyfriend, Ramiro V., Ramiro's father, were arrested for domestic violence and child endangerment.  The agency filed a juvenile dependency petition on the children's behalf alleging Veronica's domestic violence and substance abuse and the unhygienic and hazardous condition of the home placed the children at a substantial risk of harm. (§ 300, subd. (b).)  The petition listed Ramiro V. as Ramiro's biological father, Enrique B. as Evelyn and Nevaeh's alleged father, and Domingo M. as Alejandro's alleged father. According to Veronica, Enrique and Domingo were living in Mexico.  The children were placed in foster care.

Veronica and Ramiro V. appeared at the detention hearing and told the juvenile court they were not members of an American Indian tribe.  Consequently, the juvenile court found the ICWA did not apply to Ramiro.  Veronica stated she did not know if Enrique and Domingo had American Indian heritage.  The juvenile court deemed Ramiro V. and Domingo M. to be presumed fathers and ordered the children detained.  The court also set the jurisdictional/dispositional hearing for July 2012.  Ramiro V. was subsequently deported and the agency was unable to ascertain his whereabouts.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

Several weeks after the detention hearing, Veronica informed the agency her father has American Indian heritage and her grandmother resided on a Tule Tribe reservation. Veronica provided her grandmother's name and birth date but could not provide an enrollment number. She completed and submitted an ICWA-30 "Notice of Child Custody Proceeding for Indian Child" (notice).

In late July 2012, a legal clerk for the agency mailed a notice as to each child to the Tule River Tribe, the Bureau of Indian Affairs (BIA) and the Secretary of the Interior and filed them with the juvenile court.

The juvenile court exercised its dependency jurisdiction, ordered reunification services for Veronica only, and set the six-month review hearing. In its report for the six-month review hearing, the department recommended the juvenile court terminate Veronica's reunification services for noncompliance.

In February 2013, the juvenile court convened the six-month review hearing. Veronica was not present but was represented by counsel who stated he had not had contact with her since the jurisdictional hearing. County counsel advised the juvenile court the agency received information from the BIA and the Tule River Reservation that the children were not eligible and asked the court to find that the ICWA did not apply. No one objected and the juvenile court found that the ICWA did not apply to any of the children. Veronica's attorney requested a contested six-month review hearing which the juvenile court set for March 2013.

In March 2013, Veronica appeared with counsel at the contested six-month review hearing. The juvenile court terminated reunification services and set a section 366.26 hearing for July 2013. The court advised Veronica of her right to challenge the juvenile court's order setting the section 366.26 hearing by writ petition. Veronica did not file a writ petition.

3

Prior to the section 366.26 hearing the agency filed its report, recommending the juvenile court terminate Veronica's parental rights and order a plan of adoption. In addition, Veronica filed a petition under section 388 (section 388 petition) informing the juvenile court she was participating in services and asking it to return the children to her under family maintenance. The juvenile court scheduled a hearing on Veronica's petition on the date set for the section 366.26 hearing (combined hearing).

In July 2013, the juvenile court convened the combined hearing. Veronica testified she began weekly counseling in May and a parenting class in June. She also provided sign-in sheets showing her attendance at Alcoholics/Narcotics Anonymous meetings from late May to early July 2013. She said she had an apartment and was looking for a larger one to accommodate the children. She admitted not participating in her reunification services because she was using methamphetamine, but said she had been clean for almost nine months.

The juvenile court denied Veronica's section 388 petition and terminated her parental rights.

Veronica appealed from the juvenile court's order terminating her parental rights, contending procedural deficiencies in effecting ICWA notice require its reversal.

Respondent filed a motion asking this court to augment the appellate record or in the alternative take judicial notice of the return receipts associated with the notices filed in July 2012 and letters from the BIA and Tule River Tribe stating the children are not eligible under ICWA. We deferred ruling on respondent's motion pending our review of the record.

We grant respondent's motion to augment the record to include the documents attached to it and conclude Veronica forfeited her right to challenge the juvenile court's ICWA finding under *In re Pedro N*. (1995) 35 Cal.App.4th 183, 185 (*Pedro N*.).

4

# DISCUSSION

## I.     Request to Augment Record (Motion)

Respondent attached to its motion a declaration filed in the superior court by the legal clerk who filed the notices in July 2012.  She stated the certified return receipts from the notices and responses from the BIA and the Tule River Reservation were not included in the juvenile court's record because of inadvertence.  She attached to her declaration true and correct copies of the certified mail return receipts received from the Sacramento Area Director, the Secretary of the Interior and the Tule River Reservation in July 2012.  She also attached true and correct copies of a letter from the BIA acknowledging it was officially notified in July 2012 that the children may be Indian children under ICWA and a letter from the Tule River Tribal Council dated July 30, 2012, stating the children are not eligible for membership in the tribe.

Veronica opposes respondent's motion as untimely and argues the attached documents constitute postjudgment evidence which this court cannot consider pursuant to *In re Zeth S*. (2003) 31 Cal.4th 396 (*Zeth S*.).

Respondent's motion is not untimely.  A reviewing court may order the record augmented on motion of a party at any time to include a document filed or lodged in the case in the superior court.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

Further, the return receipts and letters are not strictly speaking postjudgment because they existed when the juvenile court issued its termination order.  In any event, our granting of respondent's request does not run afoul of *Zeth S*. which instructs that appellate courts generally may not consider "postjudgment evidence of changed circumstances in an appeal of an order terminating parental rights" and use "such evidence to reverse juvenile court judgments …." (*Zeth S*., *supra*, 31 Cal.4th at p. 413.)  Respondent does not offer the documents to show changed circumstances but to show the circumstances regarding notice that existed at the time of the order.  Moreover,

5

respondent is not seeking reversal but seeks to provide further proof of compliance with ICWA.

We thus grant respondent's motion and have augmented the record as requested.

## II.     Forfeiture

Veronica contends the juvenile court could not properly determine whether ICWA applied without the return receipt and tribal responses. Therefore, she further contends the juvenile court erred in finding ICWA did not apply and in terminating her parental rights before complying with ICWA.

Respondent argues this case is controlled by our decision in *Pedro N.* and that Veronica forfeited her right to challenge the juvenile court's ICWA finding. We agree.

In *Pedro N.*, *supra*, 35 Cal.App.4th at pages 185, 189, we held that a parent who fails to timely challenge a juvenile court's action regarding the ICWA is foreclosed from raising ICWA notice issues, once the juvenile court's ruling is final, in a subsequent appeal from later proceedings.

In this case, the juvenile court found ICWA inapplicable as to all four children at the first session of the six-month review hearing in February 2013. Though Veronica was not present, her attorney was and did not object. Further, Veronica did not challenge the juvenile court's finding by direct appeal from the February 2013 hearing or by writ petition from the March 2013 setting hearing. Consequently, the juvenile court's ICWA finding is final and Veronica forfeited her right to complain about any procedural deficiencies in compliance with ICWA in the instant appeal.

We decline Veronica's invitation to revisit or reject *Pedro N.*

**DISPOSITION**

Good cause appearing, respondent's motion filed on October 23, 2013, to augment the record is granted. The record on appeal is deemed augmented to include the documents attached to respondent's motion. The juvenile court's orders terminating Veronica's parental rights are affirmed.